**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4352**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

ROSCOE MCPHATTER, a/k/a Rock,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:05-cr-00198-TLW)

---

Submitted: January 18, 2007          Decided:  January 22, 2007

---

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roscoe McPhatter appeals from his 216-month sentence imposed following his guilty plea to conspiracy to distribute and to possess with intent to distribute crack and powder cocaine. McPhatter's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing the validity of McPhatter's plea and sentence. McPhatter has filed a pro se supplemental brief, arguing that his sentence was based on a greater drug quantity than that to which he admitted. Because our review of the record discloses no reversible error, we affirm.

We find that McPhatter's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. McPhatter was properly advised of his rights, the offense charged, and the mandatory minimum and maximum sentences for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

McPhatter contends that his sentencing exposure should be limited to the 1.5 kilograms of cocaine powder that he admitted to in his statements to the government. However, during the plea hearing, McPhatter was fully advised that other drug amounts could

be considered at sentencing as relevant conduct and could increase his sentence. McPhatter acknowledged his understanding of the relevant conduct provisions and expressed his desire to continue in his guilty plea. We find that the additional drug amounts were properly considered by the district court in determining McPhatter's guideline range. U.S. Sentencing Guidelines Manual § 1B1.3 (2004).

We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 216-month sentence. 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we find that the sentence imposed was reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted). Accordingly, we affirm McPhatter's sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm McPhatter's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>